**RECORD NO. 13-4673**

In The
# United States Court of Appeals
### For The Fourth Circuit

**UNITED STATES OF AMERICA,**

*Plaintiff – Appellee*,

**v.**

**DEVON ERIC SMITH,**

*Defendant – Appellant*.

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
AT RALEIGH**

───────────

**BRIEF OF APPELLANT**

───────────

**Douglas E. Kingsbery**
**THARRINGTON SMITH, LLP**
**150 Fayetteville Street, Suite 1800**
**Raleigh, North Carolina 27601**
**(919) 821-4711**

*Counsel for Appellant*

**THE LEX GROUP** ♦ 1108 East Main Street ♦ Suite 1400 ♦ Richmond, VA 23219
(804) 644-4419 ♦ (800) 856-4419 ♦ Fax: (804) 644-3660 ♦ www.thelexgroup.com

# TABLE OF CONTENTS

                                                             **Page**

TABLE OF AUTHORITIES ................................................................................ ii

STATEMENT OF JURISDICTION ...................................................................... 1

ISSUE PRESENTED FOR REVIEW .................................................................... 1

NATURE OF BRIEF ............................................................................................. 1

STATEMENT OF THE CASE .............................................................................. 2

      Statement of the Facts ................................................................................. 2

SUMMARY OF ARGUMENT .............................................................................. 6

ARGUMENT .......................................................................................................... 6

      Standard of Review ..................................................................................... 6

      Argument ..................................................................................................... 7

CONCLUSION ....................................................................................................... 8

STATEMENT REGARDING ORAL ARGUMENT ............................................ 8

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Anders v. California*,
    386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) ..............................1, 8

*Cooper v. Lafler*,
    376 Fed Appx. 563 (6th Cir. 2010),
    *vacated and remanded on other grounds*,
    *Lafler v. Cooper*,
    132 S. Ct. 1376 (2012)...................................................................................7

*Hill v. Lockhart*,
    474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985) ...................................7

*Strickland v. Washington*,
    466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) ...........................6, 7

*United States v. Baldovinos*,
    434 F.3d 233 (4th Cir. 2006) ..........................................................................6

*United States v. King*,
    119 F.3d 290 (4th Cir. 1997) ..........................................................................6

*United States v. Richardson*,
    195 F.3d 192 (4th Cir. 1999) ..........................................................................6

*United States v. Roberts*,
    426 Fed. Appx. 195 (4th Cir. 2011) ...............................................................7

## CONSTITUTIONAL PROVISION

U.S. CONST. amend. VI................................................................................1, 6, 8

## **STATUTES**

18 U.S.C. § 111 ..................................................................................................1, 2, 3

18 U.S.C. § 1791(a)(2) ........................................................................................1, 2, 3

18 U.S.C. § 3231 ..........................................................................................................1

18 U.S.C. § 3742(a) ....................................................................................................1

28 U.S.C. § 1291 .........................................................................................................1

28 U.S.C. § 2255 .........................................................................................................8

## **RULE**

Fed. R. App. P. 11 .......................................................................................................3

## STATEMENT OF JURISDICTION

The district court had jurisdiction by virtue of 18 U.S.C. § 1791(a)(2), 18 U.S.C. § 111, and 18 U.S.C. § 3231. This Court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Devon Smith filed a timely notice of appeal on September 9, 2013. This appeal is from a final order of the district court.

## ISSUE PRESENTED FOR REVIEW

Whether the defendant Devon Smith was denied his Sixth Amendment right to effective assistance of counsel.

## NATURE OF BRIEF

This brief is submitted to the Court pursuant to *Anders v. California*, 386 U.S. 738 (1967). Counsel for Devon Smith has carefully reviewed the record and has concluded that the sole issue which could afford the defendant relief is a claim that he was denied his Sixth Amendment right to effective assistance of counsel. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal, however, unless counsel's ineffectiveness conclusively appears from the record. As the appellate record here falls short of conclusively demonstrating deficient performance by counsel below, appellate counsel for the defendant concludes that there are no meritorious grounds for direct appeal.

1

## STATEMENT OF THE CASE

On April 3, 2012, a grand jury sitting in the Eastern District of North Carolina indicted the appellant, Devon Smith on charges of (1) unlawful possession of two cell phones while an inmate at a federal correctional facility in violation of 18 U.S.C. § 1791(a)(2); and (2) simple assault upon two federal correctional officers engaged in their official duties, in violation of 18 U.S.C. § 111. [Docket Entry ("D.E.") #1]. On April 29, 2013, Mr. Smith pled guilty, without a plea agreement, to the assault charge, and the possession charge was dismissed on motion of the government. [D.E. #97, pages 21 and 25]. Mr. Smith's PSR, to which there was no objection, calculated an advisory guidelines range of twelve to eighteen months. On September 5, 2013, the district court sentenced Mr. Smith to imprisonment for a term of twelve months, which was the bottom of the advisory guidelines range. [D.E. #89]. On September 9, 2013, Mr. Smith filed a Notice of Appeal. [D.E. #91].

*Statement of the Facts*

On March 16, 2012, two federal correctional officers approached Mr. Smith, then an inmate at FCI Butner, North Carolina, to conduct a random search for contraband. At the time, Mr. Smith was working in the auto garage area of the Butner campus. As the officers approached Mr. Smith, they witnessed him attempt to hide a small bundle inside the wheel well of the automobile next to where he

2

was standing. When the officers attempted to retrieve the bundle, Mr. Smith allegedly assaulted and threatened them. Inside the bundle, the officers recovered two cell phones and chargers, which it was unlawful for inmates to possess. [D.E. 83, page 3].

Mr. Smith was subsequently charged with possession of two cell phones in violation of 18 U.S.C. § 1791(a)(2), and for committing an assault on two correctional officers as they attempted to take possession of the phones, in violation of 18 U.S.C. § 111. [D.E. #1]. Mr. Smith intended to plead not guilty to the charges, and subpoenaed a fellow inmate to testify in his defense. [D.E. #74 and #75].

On April 29, 2013, apparently under the impression that he would receive a six month sentence, Mr. Smith was persuaded to change his plea on the assault charge to "guilty." [D.E. #97, p. 23].

Mr. Smith's misimpression was created when his trial counsel incorrectly advised him regarding the base offense level for the assault to which Mr. Smith would be pleading guilty. The fact that Mr. Smith's trial counsel gave the incorrect advice does not appear in the record, but was disclosed to appellate counsel by Mr. Smith's trial counsel. According to Mr. Smith's trial counsel, the incorrect advice was given during the Rule 11 colloquy as set out in pertinent part below:

3

| | |
|---|---|
| THE COURT: | Have you discussed with your attorney the applicability of the sentencing factors and the advisory sentencing guidelines to your case and their potential effect upon your sentence. |
| | (Mr. Wagoner confers with Defendant). (Pause.) |
| DEFENDANT: | I don't know the answer to that. |
| THE COURT: | I'm sorry? |
| | (Mr. Wagoner confers with Defendant.) (Pause.) |
| MR. WAGONER: | Judge, I'm going to need a moment with him. |
| THE COURT: | All right. It will be set for trial. When's the jury selection? |
| MADAM CLERK: | It would be Wednesday at 10:00 A.M. |
| THE COURT: | Wednesday at 9:00 A.M. (SIC). Thank you. Does he want to plead or not plead? |
| MR. WAGONER: | He does want to plead, your Honor. *We anticipated coming in for a not guilty plea and he has changed his mind as you know.* We discussed that with you. |
| | *He's asked me a question about his base offense level and I would need just a moment to answer that question for him.* |
| THE COURT: | All right. |
| MR. WAGONER: | So, if the Court could come back to us. |

4

| | |
|---|---|
| THE COURT: | Yes, Sir.  Yes, Sir. |
| MR. WAGONER: | Thank you. |
| THE COURT: | *Go ahead.  Talk with him now.* |
| MR. WAGONER: | Okay. |
| | *(Mr. Wagoner confers with Defendant.)*<br>*(Pause.)* |
| PROBATION OFFICER: | Your honor, may I approach? |
| | (Court confers with Probation Officer.)<br>(Pause.) |
| THE COURT: | All right. |
| DEFENDANT: | *I'm ready, your Honor.  I'm sorry.* |
| THE COURT: | *Do you understand – have you discussed with your attorney the applicability of the sentencing factors to your case and their potential effect upon your sentence?* |
| DEFENDANT: | *Yes.  Yes, Sir.*<br>*(Emphasis added)* |

[D.E. #97, pages 23-24].

In reliance upon the incorrect legal advice, Mr. Smith changed his plea from "not guilty" to "guilty." [D.E. #97, p. 23].

On September 5, 2013, the district court sentenced Mr. Smith to twelve months imprisonment to begin at the expiration of the sentence he was currently

5

serving. [D.E. #89 and D.E. #98, p. 8]. On September 9, 2013, Mr. Smith filed a Notice of Appeal. [D.E. #91].

## SUMMARY OF ARGUMENT

Mr. Smith's trial counsel provided him with an incorrect statement of the law, which arguably caused Mr. Smith to change his plea from "not guilty" to "guilty." The providing of an incorrect statement of the law to a defendant, which in turn leads the defendant to change his plea, constitutes "deficient performance" under the familiar *Strickland v. Washington* standard. As such, Mr. Smith was arguably denied his Sixth Amendment right to effective assistance of counsel.

This issue, however, like many claims of ineffective assistance of counsel, is not cognizable on direct appeal if the trial record has not been developed sufficiently for the Court to adjudicate the claim. In the judgment of appellate counsel, that is the case here.

## ARGUMENT

*Standard of Review*

In deciding whether a claim of ineffective assistance of counsel can be raised on direct appeal, the Court examines the record to determine whether it conclusively establishes ineffective assistance. *United States v. Baldovinos*, 434 F.3d 233, 239 (4th Cir. 2006). *See also*, *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999) and *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997).

6

*Discussion of the Issues*

The two part test to establish ineffective assistance of counsel articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) "applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). Under that test, a defendant must show that counsel's performance fell below an objective standard of reasonableness, and that the defendant was prejudiced by the attorney's error. In the context of a challenge to a guilty plea, the defendant must show that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59, 106 S. Ct. 366. See also, *United States v. Roberts*, 426 Fed. Appx. 195 (4th Cir. 2011).

As to the first prong, providing erroneous legal advice in the face of settled law meets the deficient performance standard. *Cooper v. Lafler*, 376 Fed Appx. 563 (6th Cir. 2010), *vacated and remanded on other grounds*, *Lafler v. Cooper*, 132 S. Ct. 1376 (2012).

A showing that the erroneous legal advice was given to Mr. Smith by his trial counsel, and a showing that Mr. Smith changed his plea in reliance upon that erroneous advice, is, in appellate counsel's judgment, not conclusively established in the record before the Court. Should the Court decline to address this issue in

7

this appeal, counsel respectfully requests that the Court note that Mr. Smith may raise the issue in a motion filed pursuant to 28 U.S.C. § 2255.

## CONCLUSION

This brief is submitted to the Court pursuant to *Anders v. California*, 386 U.S. 738 (1967). Nonetheless, appellate counsel respectfully requests the Court examine the issue of whether Mr. Smith was denied his Sixth Amendment right to effective assistance of counsel in connection with his plea. If the Court determines that the record is not sufficiently developed to adjudicate this claim, counsel respectfully requests the Court note that Mr. Smith may raise this claim in a motion filed pursuant to 28 U.S.C. § 2255.

## STATEMENT REGARDING ORAL ARGUMENT

Mr. Smith does not request oral argument unless the Court believes that such argument would aid the decisional process.

Respectfully submitted this the 4th day of February, 2014.

Respectfully submitted,

/s/ Douglas E. Kingsbery_____
Douglas E. Kingsbery
THARRINGTON SMITH, LLP
150 Fayetteville Street, Suite 1800
Raleigh, North Carolina 27601
(919) 821-4711

*Counsel for Appellant*

8

# **CERTIFICATE OF COMPLIANCE**

1. This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

   [ X ] this brief contains [*1,581*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [    ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

   [    ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].


Dated: February 4, 2014          /s/ Douglas E. Kingsbery
                                 *Counsel for Appellant*

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 4th day of February, 2014, I caused this Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

>Jennifer P. May-Parker
>OFFICE OF THE U.S. ATTORNEY
>310 New Bern Avenue, Suite 800
>Raleigh, North Carolina  27601
>(919) 856-4530
>
>*Counsel for Appellee*

I further certify that on this 4th day of February, 2014, I caused the required copies of the Brief of Appellant to be hand filed with the Clerk of the Court and a copy of the Brief of Appellant to be served, via U.S. Mail, postage pre-paid, upon the Appellant at the following address:

>Devon E. Smith, Reg. No. 50447-056
>FCI Beaumont Low
>Post Office Box 26020
>Beaumont, Texas  77720
>
>*Appellant*

/s/ Douglas E. Kingsbery
*Counsel for Appellant*